**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4049**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

    v.

ADAM ALBRETT, a/k/a Muhannah Almahmoudi,

       Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Anthony John Trenga, District Judge. (1:18-cr-00312-AJT-1)

Submitted: November 5, 2019          Decided: November 25, 2019

Before KING and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Gregory T. Hunter, Arlington, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Patricia Marie Haynes, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adam Albrett appeals his convictions for sending threatening interstate communications, in violation of 18 U.S.C. § 875(c) (2012). Albrett argues that the district court improperly denied his motion to proceed pro se, admitted prejudicial evidence under Fed. R. Evid. 404(b), and provided prejudicial supplemental jury instructions. We affirm for the following reasons.

First, as the Government notes, Albrett knowingly and voluntarily waived his right to represent himself, so that issue is not reviewable on appeal. *United States v. Robinson*, 744 F.3d 293, 298-99 (4th Cir. 2014). Second, evidence of Albrett's prior threatening communications was highly probative of Albrett's intent, and the Government did not introduce substantive evidence of those communications. Accordingly, the district court did not plainly err in admitting the challenged evidence. *See United States v. Bell*, 901 F.3d 455, 465 (4th Cir. 2018) (providing standard for admission of Rule 404(b) evidence), *petition for cert. filed on other grounds*, No. 19-39 (U.S. July 3, 2019); *United States v. Garcia-Lagunas*, 835 F.3d 479, 492 (4th Cir. 2016) (stating standard of review). Finally, the district court accurately presented the elements of the offense in its initial jury instructions, *see United States v. White*, 810 F.3d 212, 220-21 (4th Cir. 2016). The court did not err in clarifying only the element about which the jury had a question; "[a] trial court generally may limit a supplemental charge to the specific instruction requested by the jury," *United States v. Savage*, 885 F.3d 212, 224 (4th Cir.), *cert. denied*, 139 S. Ct. 238 (2018).

Accordingly, we affirm the district court's criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*